# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**LAGERTA M. POLK**                                                                 **PLAINTIFF**

**VERSUS**                                                 **CIVIL ACTION NO. 1:18-cv-116-MTP**

**COMMISSIONER OF SOCIAL SECURITY,**
*Nancy A. Berryhill*                                                       **DEFENDANT**

## OPINION AND ORDER

Plaintiff Lagerta M. Polk brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security denying her disability insurance benefits and supplemental security income. Having reviewed the parties' submissions, the record, and the applicable law, the Court finds the Commissioner's final decision should be affirmed.

## PROCEDURAL HISTORY

Plaintiff filed for disability insurance benefits and supplemental security income in January of 2015. Administrative R. [10] at 161-177. After the agency denied Plaintiff's application, a hearing was held before an Administrative Law Judge ("ALJ") on April 5, 2017. *Id*. at 37-61. The ALJ considered Plaintiff's health issues relating to hypertension, lower-back pain, obesity, anxiety, and depression. *Id*. at 22. After the hearing, the ALJ issued an opinion finding that Plaintiff was not disabled and not entitled to benefits. *Id*. at 20. Plaintiff requested a review of the ALJ's decision. *Id*. at 1. The Appeals Council denied review of the ALJ's decision and the ALJ's opinion was the final decision of the Commissioner. *Id*. This appeal followed.

# ADMINISTRATIVE LAW JUDGE'S DECISION

In her opinion, the ALJ applied the five-step analysis found in 20 C.F.R. § 404.1520(b)-(g)[1] and found that Plaintiff was not disabled according to the Social Security Administration ("SSA") definition. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful employment since September 13, 2013. *Id*. at 21.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: hypertension, lower-back pain, obesity, anxiety, and depression. *Id*. at 22. These impairments were found to significantly interfere with Plaintiff's ability to perform work-related activity. *Id*.

At step three, the ALJ found that Plaintiff's impairments did not meet the requirements of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. The ALJ considered how Plaintiff's obesity impacted her other impairments but found that none rose to the level of a listed impairment. *Id*. The ALJ further considered Plaintiff's mental impairments and whether they satisfied Listing 12.04 or 12.06. The ALJ considered the "Paragraph B" and "Paragraph C" criteria for these impairments and found that Plaintiff did not satisfy them. *Id*. 22-23. The ALJ

---

[1] This analysis requires the ALJ to make the following determinations:
(1) whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);
(2) whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);
(3) whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);
(4) whether the impairment prevents the claimant from doing past relevant work (if not, a finding of "not disabled" is made);
(5) whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled).

*See* 20 C.F.R. §§ 404.1520, 416.920. The burden of proof rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining his burden through step four, the burden then shifts to the Commissioner at step five. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

further noted that mental limitations identified at step two and three are not equivalent to the residual functional capacity ("RFC") assessment at step four and five. *Id*. at 23-24.

The ALJ then assessed Plaintiff's RFC. She found that Plaintiff had the capacity to perform light work.[2] *Id*. at 24. Specifically, the ALJ found that Plaintiff "can occasionally climb ramps and stairs, but never climb ladders, ropes and scaffolds. She can occasionally stoop, kneel, crouch, or crawl. She should never work around unprotected heights or dangerous moving mechanical parts. She can perform simple routine, repetitive tasks. She can occasionally interact with supervisors, co-workers and the general public." *Id*.

At step four, the ALJ found that Plaintiff could perform past-relevant work as a hotel housekeeper. *Id*. at 27. Working as a hotel housekeeper aligned with the ALJ's RFC assessment that Plaintiff could perform light work. *Id*. While the ALJ did not have to proceed to step five, as she found that Plaintiff could perform her past-relevant work, the ALJ further found that other work existed in the national economy that Plaintiff could perform such as photocopy-machine operator, cafeteria attendant, and advertising distributor. *Id*. at 28. After performing the five-step sequential analysis, the ALJ found that Plaintiff was not disabled and not entitled to disability insurance benefits and supplemental security income. *Id*. at 29.

## STANDARD OF REVIEW

This Court will only review the Commissioner's denial of benefits to determine if "(1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The Commissioner's decision must be affirmed when there is substantial evidence to support the findings. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

---

[2] The ALJ referenced light work as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b).

3

"Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (internal quotations omitted). Conflicts in evidence are the purview of the Commissioner and are not for the Court to resolve or review de novo. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). Moreover, "'[p]rocedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)).

**ANALYSIS**

Plaintiff raises two issues on appeal: (1) whether the ALJ properly assessed Plaintiff's residual functional capacity in light of Plaintiff's moderate mental limitations and (2) whether the ALJ erred in not giving controlling weight to the opinion of Dr. Seema A. Badve, one of Plaintiff's treating physicians.

*Issue 1: Did the ALJ properly assess Plaintiff's residual functional capacity in light of Plaintiff's moderate mental limitations?*

Plaintiff argues that the ALJ did not adequately consider her mental limitations when assessing her RFC. Br. [14] at 7. Plaintiff relies on the ALJ's analysis of whether Plaintiff had a listed impartment, where the ALJ found that Plaintiff had moderate mental limitations under the "paragraph B" criteria,[3] to assert that the ALJ did not incorporate these moderate mental

---

[3] To satisfy Listing 12.04 or 12.06 for certain mental disorders an applicant must demonstrate limitations commonly referred to as the "paragraph B" criteria. These limitations include (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persists, or maintain pace; and (4) adapt and manage oneself. 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04(B), 12.06(B). "To satisfy the paragraph B criteria, [the] mental disorder must result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(2)(b). Here, the ALJ found that Plaintiff had moderate limitations in all four areas of mental functioning, but moderate limitations do not satisfy a Listing. Administrative R. [10] at 22-23.

4

limitations into the RFC assessment. Plaintiff does not cite to any cases or rely on controlling authority but refences Social Security rulings ("SSR") to argue that the RFC determined by the ALJ amounted to reversible error.[4]

The Commissioner counters that the ALJ "considered Plaintiff's moderate limitations in conjunction with the record evidence and determined, in relevant part, that Plaintiff retained the residual functional capacity… to perform simple, routine, repetitive tasks and she can only have occasional interaction with supervisors, coworkers, and the general public." Br. [15] at 5 (citing Administrative R. [10] at 24). The Commissioner points to evidence in the record that Plaintiff could read books, watch television, prepare meals, clean her house, pay bills, count change, and visit with others to demonstrate that Plaintiff could perform simple and repetitive work. Administrative R. [10] at 204, 233-35.

Plaintiff has not provided authority to support the position that it is reversible error for an ALJ to fail to individually assess the "Paragraph B" criteria in the RFC assessment, despite the fact that the "Paragraph B" criteria relate to a different step in the sequential analysis. Contrary to Plaintiff's position, "every single limitation, such as difficulty in concentration, pace and/or persistence, need not be explicitly named in the [RFC], but rather need only be reasonably incorporated." *Ealy v. Colvin*, 2014 WL 3928193, at *2 (S.D. Miss. Aug. 12, 2014). "[A]n RFC limiting the claimant to 'performance of simple, routine and repetitive tasks with only occasional interaction with the public,' properly account[s] for moderate restrictions in ability to maintain social functioning and concentration." *Jackson v. Berryhill*, 2018 WL 4655775, at *6 (S.D. Miss. July 10, 2018) (quoting *Ealy*, 2014 WL 3928193, at *2). Moreover, the Fifth Circuit has held that an RFC limiting the claimant to simple instructions demonstrates that the ALJ

---

[4] A SSR is not binding on a court but may be consulted. *See Ivey v. Barnhart*, 2001 WL 34043389, at *3 (N.D. Tex. Jan. 15, 2002) (citing *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001)).

5

appropriately incorporated the moderate limitations suffered by claimant. *Bordelon v. Astrue*, 281 Fed. App'x 418, 423 (5th Cir. 2008). Because the ALJ reasonably incorporated Plaintiff's moderate limitations in the RFC analysis and did not apply the wrong standard, the Court will not disturb the findings of the ALJ on this issue.

***Issue 2: Did the ALJ err in not giving controlling weight to the opinion of Dr. Seema A. Badve?***

Plaintiff further asserts that the ALJ reversibly erred by not giving more consideration to the opinion of Dr. Badve, one of Plaintiff's treating physicians. Br. [14] at 7-8. Dr. Badve completed an assessment of Plaintiff on October 28, 2016 and stated that in her opinion Plaintiff suffered from chronic lower-back pain and anxiety, that physical activity would greatly increase these symptoms, and that Plaintiff was incapable of engaging in any form of gainful employment due to her medical problems. Administrative R. [10] at 765. The ALJ acknowledged Dr. Badve's opinion but gave it little weight because it was inconsistent with other medical records and was not supported by objective medical findings. *Id*. at 27. The Commissioner argues that the ALJ's assessment of Dr. Badve's opinion was appropriate because (1) an opinion of disability is reserved for the Commissioner and not a doctor; (2) Dr. Badve's assessment is not supported by examination findings; and (3) Dr. Badve's opinion is inconsistent with other objective medical evidence in the record. Br. [15] at 7.

A treating physician's opinion may be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with… other substantial evidence." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000); *see also* 20 C.F.R. § 404.1527. An opinion, however, is not automatically entitled to more weight because it comes from a treating physician. *Holifield v. Astrue*, 402 Fed. App'x 24, 26 (5th Cir. 2010). "[T]he ALJ is free to assign little or no weight to the opinion of the physician for good cause.

6

Good cause arises where statements are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Id*. (internal citations omitted). An ALJ is not bound by a treating physician's opinion but may reject it when the evidence is contrary to the physician's opinion. *Martinez*, 64 F.3d at 176.

The ALJ noted that Dr. Badve's "examination findings [were] unremarkable." Administrative R. [10] at 27. For example, Dr. Badve's examination notes reflected that Plaintiff's gait and station were normal, she did not suffer from focal, motor, or sensory deficits, and she was alert and oriented with a normal mood and affect. *Id*. at 626. The ALJ further noted that the record lacked any diagnostic testing of Plaintiff's lumbar spine. *Id*. at 27.

As to the ALJ's omission of a thorough analysis under 20 C.F.R. § 404.1527[5] regarding the weight to provide Dr. Badve's opinion, this on its own does not amount to reversible error. This Court has held "[w]here the record is replete with reliable medical evidence controverting a treating physician's opinions, the ALJ has no obligation to perform a detailed analysis pursuant [to] 20 C.F.R. § 404.1527… before rejecting those opinions." *Magee v. Astrue*, 2011 WL 1226011, at *6 (S.D. Miss. Mar. 29, 2011).[6]

The assessment form filled out by Dr. Badve contained conclusory statements and was not supported by diagnostic testing. These are significant reasons for giving little weight to the opinion of Plaintiff's treating physician. Because there was substantial evidence to support the

---

[5] This regulation discusses how to evaluate medical opinions. An ALJ should consider (1) the examining relationship; (2) the treatment relationship; (3) supportability such as empirical evidence; (4) consistency of the opinion with the record as a whole; (5) the specialization of the physician; and (6) other factors that are brought to light by the claimant or others. 20 C.F.R. § 404.1527. This regulation is applicable to claims filed before March 27, 2017, such as the case at bar.

[6] The regulation was amended in January of 2017. Plaintiff and older cases refer to these factors under 20 C.F.R. § 404.1527(d) but they appear now in 20 C.F.R. 404.1527(c) the section titled "How we consider medical opinions." *See* 82 FR 5844-01. The current factors are nearly identical to those identified by the Court in *Magee*.

ALJ's assessment of Dr. Badve's opinion the Court must affirm the Commissioner's opinion on this issue.

## CONCLUSION

For the reasons stated herein, this Court finds that the Commissioner's decision should be affirmed.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner of Social Security is AFFIRMED.

SO ORDERED, this the 21st day of March, 2019.

s/Michael T. Parker<br>
United States Magistrate Judge